

**FILED**
APR 1 7 2009
DAVID CREWS, CLERK
BY_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LILLIE V. AKIN                                              PLAINTIFF

VS.                                       CAUSE NO. 1:09CV105-M-D

WILLIAMS TRANSFER AND STORAGE
COMPANY, INC., AND AMERICAN VAN &
STORAGE CO., INC.                                       DEFENDANTS

## ANSWER AND DEFENSES

Williams Transfer and Storage Company, Inc., files this its Answer and Defenses and in support would show as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Defendant, Williams Transfer and Storage Company, Inc. answers Plaintiff's Complaint paragraph by paragraph as follows:

1. Admitted.

2. Denied.

3. It is admitted that Williams Transfer and Storage Company, Inc. is a Mississippi corporation with its principle place of business in Lee County, Mississippi. It is admitted that its registered agent is Albert G. Deigaldillo whose address is 105 Front Street, Tupelo, Mississippi 38802. All other allegations are denied.

4. This Defendant denies it was retained or otherwise hired to store the furnishings of Plaintiff in any storage facility located in Shreveport, Louisiana. This Defendant is without information sufficient to respond to the allegations directed at American Van & Storage

Company, Inc. Williams Transfer and Storage Co., Inc., denies it transported certain items in 2005, but admits that it operated as a disclosed household goods agent of United Van Lines, LLC. The remaining allegations of paragraph 4 are denied.

5.  This Defendant is without sufficient information to admit or deny paragraph 5. To the extent an Answer is required, it is denied.

6.  It is denied that Akin engaged Williams Transfer and Storage Company, Inc. to move certain household furnishings in an interstate move between Shreveport, Louisiana and Tupelo, Mississippi in 2007. It is admitted that Akin engaged United Van Lines, LLC to more certain household goods and furnishings between Shreveport, LA and Tupelo, Mississippi. Defendant denies that some part of the damage occurred during transport and that it is responsible for some of the damage. Most damage occurred in storage and Defendant denies liability for this damage. Any and all other allegations of paragraph 6 are denied.

7.  It is admitted that Akin filed a claim with United Van Lines, LLC, concerning certain damaged items. Some allegations of paragraph 7 appear directed at American and Defendant is without information on these allegations. All other allegations of paragraph 7 are denied.

8.  Defendant is without sufficient information to admit or deny paragraph 8. Therefore, paragraph 8 is denied.

9.  Defendant incorporates as if fully stated herein all answers stated in paragraphs 1 through 8 and to the extent not otherwise stated denies paragraph 9.

10. Denied.

11. Defendant incorporates as if fully stated herein all answers stated in paragraphs 1 through 10 and to the extent not otherwise stated denies paragraph 11.

12. Denied.

13. Defendant incorporates as if fully stated herein all answers stated in paragraphs 1 through 12 and to the extent not otherwise stated denies paragraph 13.

14. This Defendant is without sufficient information concerning the allegations in paragraph 14 which appear directed toward American. To the extent they are directed toward Williams Transfer and Storage, they are denied.

15. Defendant incorporates as if fully stated herein all answers stated in paragraphs 1 through 14 and to the extent not otherwise stated denies paragraph 15.

16. This Defendant is without sufficient information to admit or deny paragraph 16, but to the extent an answer is required, paragraph 16 is denied.

17. Defendant incorporates as if fully stated herein all answers stated in paragraphs 1 through 16 and to the extent not otherwise stated denies paragraph 17.

18. Denied.

### THIRD DEFENSE

A long line of federal judicial authority holds that the Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts all state and common law claims against a motor carrier arising from or related to an interstate move. Therefore, all state common law claims should be dismissed.

### FOURTH DEFENSE

Williams is a disclosed household goods agent of United Van Lines, LLC. Therefore, as a matter of law, Williams cannot be held liable for any action for damages arising out of the carrier's performance under an interstate Bill of Lading pursuant to 49 U.S.C. § 13907.

## FIFTH DEFENSE

This action is barred by the statute of limitations. In particular, to the extent Plaintiff is making a claim against Williams, or later makes a claim against its disclosed principal carrier, United Van Lines, LLC, for the move to storage that took place in 2005, the statute of limitations has expired on that portion of the claim.

## SIXTH DEFENSE

Williams is not liable for damages that may have occurred in storage with American Van and Storage Company, Inc.

## SEVENTH DEFENSE

Williams asserts accord and satisfaction, payment, release, and waiver.

## EIGHTH DEFENSE

William's liability, or that of its principal carrier, United Van Lines, LLC, is governed by the terms and conditions of the relevant transportation agreement, including the applicable Order for Service, Bill of Lading and Tariff incorporated herein.

## NINTH DEFENSE

Plaintiff has failed to mitigate the alleged damages.

## TENTH DEFENSE

Any damages recoverable by Plaintiff from Defendant should be reduced by any payment received by Plaintiff from collateral sources.

WHEREFORE, PREMISES CONSIDERED, Williams Transfer and Storage Company, Inc. request the Complaint against it be dismissed.

This the 16th day of April, 2009.

                                              Respectfully submitted,

                                              WILLIAMS TRANSFER AND STORAGE
                                              COMPANY, INC.

                                              By Its Attorneys

                                              DunbarMonroe, PA

                                              BY: _____
                                              Clark Monroe
                                              (*gcmonroe@dunbarmonroe.com*)

Counsel for:
Williams Transfer & Storage
Company, Inc.

G. Clark Monroe, Esq. (MSB # 9810)
DunbarMonroe, PA
270 Trace Colony Park, Suite A
Ridgeland, Mississippi 39157
Telephone (601) 898-2073
Facsimile (601) 898-2074

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on via U.S. Mail, on the following:

>Michael D. Tapscott
>Holland, Ray, Upchurch & Hillen
>P.O. Drawer 409
>Tupelo, MS 38802

This the 16th day of April, 2009.

*Clark Monroe*

Clark Monroe