IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LILLIE V. AKIN**                                                                                    PLAINTIFF

**VS.**                                                                    **CAUSE NO. 1:09cv105-MPM-JAD**

**WILLIAMS TRANSFER AND STORAGE
COMPANY, INC., AND AMERICAN VAN &
STORAGE CO., INC.**                                                                                  DEFENDANTS

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Williams Transfer and Storage Company, Inc., ("WTSC") a disclosed household goods agent of United Van Lines, LLC ("United"), files this Motion to Dismiss and in support of its Motion to Dismiss, respectfully states as follows:

### I.     Procedural History

Plaintiff filed this lawsuit against WTSC on March 20, 2009, in the Circuit Court of Lee County, Mississippi. On April 17, 2009, Defendants removed this case to the United States District Court, Northern District of Mississippi, on the basis of federal question jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1446.

### II.    Introduction

WTSC is a disclosed household goods agent of United. United is a motor carrier of household goods operating pursuant to authority issued by the Federal Motor Carrier Safety Administration under the provisions of the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 13101 *et seq.* This case arises out of WTSC's interstate transportation (via United's authority) of Plaintiff's household goods while acting as a disclosed household goods agent for United.

On or about October 4, 2007, WTSC, while acting as a disclosed household goods agent for United, picked up the Plaintiff's household goods from storage at American Van and Storage

1

Company, Inc. in Shreveport, Louisiana and transported them to Tupelo, Mississippi pursuant to United's Uniform Household Goods Bill of Lading and Freight Bill No. U191-462-7, which Plaintiff, Lillie Akin signed on October 4, 2007. A copy of that Bill of Lading is attached as Exhibit A.

A long line of federal judicial authority holds that the Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts all state and common law claims against a motor carrier arising from or related to an interstate move. Despite this preemption, Plaintiff's Complaint alleges only state law claims against WTSC for breach of contract, negligence, misrepresentation, conversion, and punitive damages.

For reasons discussed below, this Court should dismiss Plaintiff's Complaint, finding that the Carmack Amendment preempts Plaintiff's state law claims as a matter of law. Further, because WTSC is a disclosed agent of United, WTSC cannot be held liable pursuant to 49 U.S.C. § 13907.

### III. Legal Argument

Plaintiff alleges state law claims of breach of contract, negligence, misrepresentation, conversion and punitive damages that are based upon her incorrect assertion that WTSC transported her household goods. While Plaintiff is correct that WTSC's truck physically transported her household goods, WTSC was not the interstate carrier that transported Plaintiff's household goods. This distinction is fatal to Plaintiff's claims. Rather, WTSC acted as the disclosed household goods agent for United and used United's interstate authority to move Plaintiff's household goods under United's Bill of Lading. The only entity against whom Plaintiff has a claim, if any, is United and that claim is strictly limited to a claim for actual loss or injury to the goods transported pursuant to the Carmack Amendment.

2

The Carmack Amendment governs all regulated interstate transportation of goods and has long been held to preempt state law claims arising from or related to an interstate move. Pursuant to Carmack, Plaintiff's sole remedy is limited to the "actual loss or injury to the property" transported. 49 U.S.C. § 14706. As the Carmack Amendment is controlling, this Court should dismiss Plaintiff's state law claims against WTSC.

### A. The Carmack Amendment is part of a comprehensive scheme designed to bring uniform treatment to the carrier-shipper relationship.

Congress enacted the Carmack Amendment to the Interstate Commerce Act ("ICA") in 1906, in response to the chaotic disparity which resulted from the application of varying state laws to interstate shipping. The Carmack Amendment defined the parameters of carrier liability for loss and damage to goods transported under interstate bills of lading, bringing uniform treatment to the carrier-shipper relationship. The Amendment, now set forth at 49 U.S.C. § 14706, states in relevant part:

> A carrier providing transportation or service... shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier... [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property. . . .

49 U.S.C. § 14706. Within a few years of the Carmack Amendment's passage, The United States Supreme Court addressed its dual goals of uniformity and preemptive scope. In the seminal case of *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913), the Supreme Court defined Carmack preemption in the broadest terms:

> Almost every detail of the subject [interstate common carriers] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulations with reference to it . . . .

*Id.* at 505-06. *Adams Express* held that claims arising out of loss or damage to property transported in interstate commerce are governed by the Carmack Amendment and that all state

3

law claims are preempted. The Court explained that the primary objective of the statute is the establishment of a uniform national policy governing the liability of interstate carriers.

> [T]his branch of interstate commerce was being subjected to such a diversity of legislative and judicial holdings that it was practically impossible for a carrier engaged in a business that extended beyond the confines of his own state, or carrier whose lines were extensive, to know, without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to the goods delivered to it for transportation from one state to another. The congressional action has made an end to this diversity . . . .

*Id.* at 505. Three years later, the Supreme Court reaffirmed *Adams Express* in *Georgia, Florida and Alabama Ry. Co. v. Blish Milling Co.*, 241 U.S. 190 (1916). *Blish Milling* held that the Carmack Amendment is "comprehensive enough to embrace responsibility for <u>all losses</u> resulting from <u>any</u> failure to discharge a carrier's duty as to <u>any part</u> of the agreed transportation . . ." 241 U.S. at 196 (emphasis added.)

Each succeeding Supreme Court decision interpreting the scope of Carmack has repeated the principles enunciated in *Adams Express* and *Blish Milling*: comprehensive application and uniformity of treatment regardless of state laws. *See, e.g., Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983), quoting *Louisville & Nashville R. Co., v. Rice*, 274 U.S. 201, 203 (1918) ("As to interstate shipments . . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation."); *New York, N.H. & H.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953); *Charleston & Western Carolina Ry. Co. v. Varnville Furniture Co.*, 237 U.S. 597 (1915) (holding that preemption applies not only to state law claims which directly contradict the procedures or remedies set out in Carmack, but also encompasses state causes of action which supplement Carmack relief); *Atchinson T. & S.F. Ry. v. Harold*, 241 U.S. 371, 378 (1916).

4

All Circuit Courts of Appeals, including the Fifth Circuit, addressing the issue of Carmack Preemption, have unanimously held that the Carmack Amendment's broad scope preempts all state law claims for loss or damage to goods shipped by carriers, whether they contradict or supplement Carmack remedies. *Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306-307 (5th Cir. 1993) (Carmack Amendment preempted claims of misrepresentation, fraud, gross negligence, intentional infliction of emotional distress and violation of Texas Deceptive Trade Practices Act); *see also, Intech, Inc. v. Consolidated Freightways, Inc.*, 836 F.2d 672, 677 (1st Cir. 1987) (Carmack Amendment provides the exclusive remedy for state law breach of contract claim); *Cleveland v. Beltman North American Van Lines Co., Inc.*, 30 F.3d 379 (2nd Cir. 1994) (Carmack preempted federal common law claim for punitive damages based upon bad faith claims handling); *Howe v. Allied Van Lines, Inc.*, 622 F.2d 1147, 1157 (3rd Cir. 1980); *Shao v. Link Cargo (Taiwan) Limited*, 986 F.2d 700, 706-707 (4th Cir. 1993) ("[I]f the Interstate Commerce Commission had jurisdiction over the shipment in this case, Shao's common law claims are preempted by the Carmack Amendment."); *W.D. Lawson & Company v. Penn Central Company*, 456 F.2d 419, 421 (6th Cir. 1972) ("As to the …issue…[of] whether or not the Carmack Amendment preempted common law suits… we hold that it did."); *Hughes v. United Van Lines*, 829 F.2d 1407 (7th Cir. 1987), *cert denied*, 485 U.S. 913 (1988) (State common law causes of action, including allegations of negligence, breach of insurance contract, breach of contract of carriage, conversion and intentional misrepresentation preempted by Carmack Amendment); *Hopper Furs, Inc. v. Emery Air Freight Corp.*, 749 F.2d 1261 (8th Cir. 1984); *Hughes Aircraft v. North American Van Lines*, 970 F.2d 609, 613 (9th Cir. 1992) ("Hughes [the shipper] wisely conceded that federal law preempts any state common law action against… a common carrier."); *Underwriters at Lloyds of*

*London v. North American Van Lines*, 890 F.2d 1112, 1120 (10th Cir. 1989) ("[T]he Carmack Amendment preempts state common law remedies against a carrier for negligent damage to goods shipped under a proper bill of lading."); *Smith v. United Parcel Service*, 296 F.3d 1244, 1246-49 (11th Cir. 2002) (Carmack preempted Plaintiff's claim for damages due to the carrier's alleged failure to provide services to the plaintiff).

Mississippi federal courts have also acknowledged Carmack preemption of State law claims. *Kuehn v. United Van Lines, LLC*, 367 F. Supp. 2d 1047 (S.D. Miss. 2005); *Killinger v. North American Relocation Services*, 2000 WL 297155 (N.D. Miss. 2000).

**B.    The Carmack Amendment preempts Plaintiff's state law claims alleged in her Complaint.**

As described above, Plaintiff's state law claims alleged in her Complaint arise from the transportation of household goods in interstate commerce. But the essence of Plaintiff's case is a shipper's claim for loss or damages resulting from the alleged breach of a carrier's duty pursuant to the transportation contract (Bill of Lading). Because the Carmack Amendment preempts all theories of recovery for such losses predicated upon state law, Plaintiff's claims are preempted by the governing federal statute and, therefore, her Complaint must be dismissed.

**C.    Plaintiff's claims against Williams Transfer and Storage Company, Inc. should be dismissed because it is a disclosed household goods agent of an interstate carrier.**

WTSC is a disclosed household goods agent of United pursuant to 49 U.S.C. § 13907 (a). As a disclosed household goods agent, United is the motor carrier responsible for providing transportation of the household goods and United is responsible for all acts or omissions of any of its disclosed household goods agents which relate to the performance of interstate household goods transportation services.

As a matter of law, WTSC cannot be liable for any action for damages arising out of United's performance of interstate transportation of Plaintiff's household goods from Louisiana to Mississippi under its bill of lading. Section 13907 of the Interstate Commerce Act provides as follows:

> **Carriers responsible for agents:** Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessories or terminal services) and which are within the actual or apparent authority of the agent from the carrier of which are ratified by the carrier.

*See* 49 U.S.C. § 13907(a); *see also, Valkenburg, K.G. v. The S.S. Henry Denny*, 295 F.2d 330, 333 (7th Cir. 1961) (holding disclosed agent not liable to shipper separate and apart from interstate carrier); *U.S. v. Diez*, 428 F. Supp. 1029-30 (E.D. La. 1977); *Seguros Banvenez v. S/S Oliver Drescher*, 761 F.2d 855, 860 (2nd Cir. 1985) ("When an agent makes a contract for a disclosed principal, it becomes neither a party to the contract nor liable for the performance of the contract.")

As a disclosed household goods agent of United for the purposes of the interstate transportation of household goods, WTSC has no liability separate or apart from that of United. See 49 U.S.C. § 13907. *See also, John Nichols and Pamela Nichols and State Farm Fire and Casualty Co. v. Mayflower Transit, LLC*, 368 F. Supp. 2d 1104 (D. Nev. 2003) and *Marks v. Suddath Relocation Systems, Inc.*, 319 F. Supp. 2d 746, 752 (S.D. Tex. 2004).

United was identified on all documentation including, but not limited to, the Bill of Lading. United's liability extends only to the actions of WTSC during the interstate move. United's liability does not extend any aspect of the permanent storage of Plaintiff's household goods in Louisiana from 2004 to 2007 with American Van & Storage Company, Inc.

7

Therefore, as a disclosed household goods agent of United, WTSC must be dismissed. *Marks v. Suddath Relocation Systems, Inc.*, 319 F. Supp. 2d 746 (S.D. Tex. 2004). The *Marks* case found that the disclosed household goods agent, like WTSC in this case, had no independent liability that would support retaining it as a Defendant in the action. As in the *Marks* action, WTSC should be dismissed from the action brought by Ms. Akin.

## IV. Conclusion

A motion to dismiss is proper if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984), *cert. denied*, 470 U.S. 1052 (1985). Here, with Carmack Amendment's preemption of state and common law claims arising from and related to an interstate move, it appears beyond doubt that WTSC is entitled to dismissal of Plaintiff's Complaint as a matter of law. Plaintiff has not alleged, nor can she because of the broad scope of the Carmack Amendment's preemption, any facts to support the relief requested. Further, WTSC is entitled to dismissal as it has no liability because WTSC acted exclusively as a disclosed household goods agent for United. Therefore, WTSC respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice, and for such other and further relief as this Court deems just and proper.

This the 8th day of May, 2009.

Respectfully submitted,

WILLIAMS TRANSFER AND STORAGE COMPANY, INC.

By Its Attorneys
DunbarMonroe, PA

BY: *(signature)*
Clark Monroe

8

OF COUNSEL:

G. Clark Monroe, Esq.
DunbarMonroe, PA
270 Trace Colony Park, Suite A
Ridgeland, Mississippi  39157
Telephone (601) 898-2073
Facsimile (601) 898-2074
(*gcmonroe@dunbarmonroe.com*)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing *Memo in Support of* with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Michael D. Tapscott<br>Holland, Ray, Upchurch & Hillen<br>P.O. Drawer 409<br>Tupelo, MS 38802 | mdt@hruhpa.com |
| Malissa Winfield, Esq.<br>Butler Snow O-Mara Stevens & Cannada<br>210 Capitol St., Ste. 1700<br>P.O. Box 22567<br>Jackson, MS 39225-2567 | malissa.winfield@butlersnow.com |

This the 8th day of May, 2009.

_____
Clark Monroe