IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LILLIE V. AKIN                                                              PLAINTIFF

VS.                                                              CAUSE NO. 1:09cv105

WILLIAMS TRANSFER AND STORAGE
COMPANY, INC., AMERICAN VAN
& STORAGE CO., INC., and UNITED VAN
LINES, LLC                                                              DEFENDANTS

**ORDER**

This cause comes before the court on the motion of defendant Williams Transfer and Storage Company, Inc., ("Williams") to dismiss the state law claims asserted against it, pursuant to Fed. R. Civ. P. 12. The court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

In the instant action, plaintiff seeks to recover for damages to her household furnishings which were incurred when, she alleges, these furnishings were improperly stored in a non-climate controlled environment at a storage facility in Louisiana. Plaintiff, a Lee County resident, alleges in her amended complaint that she contracted with Williams (which contends that it is a disclosed agent for United Van Lines, LLC ("United")) to pack and store these furnishings "in 2004 or early 2005." Plaintiff alleges that a Williams employee falsely represented to her that her furnishings would be stored in a climate-controlled environment owned by defendant American Van & Storage Co. Inc. ("American Storage"). The furnishings were returned to plaintiff in 2007, whereupon she discovered that they had been seriously

1

damaged during storage and/or transport. Plaintiff filed suit against Williams and American Storage in Lee County Circuit Court, and, on April 17, 2009, defendants removed the case to this court.

Williams has presently moved to dismiss the state common law claims asserted against it, on the basis that they are pre-empted by the Carmack Amendment to the Interstate Commerce Act. The Carmack Amendment provides that "[a] carrier ... [is] liable ... for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported ...." 49 U.S.C. § 14706(a)(1). To recover, a shipper must establish a prima facie case of negligence by demonstrating: (1) delivery of the goods in good condition; (2) receipt by the consignee of less goods or damaged goods; and (3) the amount of damages. *Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 877 (5th Cir.1996). If the shipper establishes a *prima facie* case, there is a rebuttable presumption of negligence. *Frosty Land Foods Int'l v. Refrigerated Transp. Co.*, 613 F.2d 1344, 1346-47 (5th Cir. 1980). The carrier can overcome this presumption by showing that it was free from negligence and that the damage was due to the inherent nature of the goods or attributable to an act of God, public enemy, the shipper, or public authority. *Mo. Pac. R.R. v. Elmore & Stahl*, 377 U.S. 134, 137, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964).

Importantly, the Fifth Circuit held in *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) that the Carmack Amendment completely preempts all state law and federal common law claims for "loss or damages to goods arising from the interstate transportation of those goods by a common carrier" and, therefore, such claims "arise[ ] under federal law and [can]... be removed under [28 U.S.C.] § 1441." It is thus apparent that the Fifth Circuit has interpreted Carmack Amendment preemption very broadly. In *Moffit v. Bekins Van Lines, Co.*, 6 F.3d 305,

2

307 (5th Cir. 1993), for example, the Fifth Circuit held that Carmack preempted plaintiffs' state law claims for, *inter alia*, intentional and negligent infliction of emotional distress, breach of contract, violation of the Texas Deceptive Trade Practices Act, misrepresentation, fraud, and negligence. Plaintiff asserts many of these same causes of action in this case, and it is apparent that these state law claims are pre-empted by Carmack.

In her brief, plaintiff appears to tacitly concede that her state law claims are pre-empted, writing in her brief that:

> Williams Transfer and Storage correctly argues that preemption under the Carmack Amendment is broad and may ultimately preempt certain state law claims asserted in the Complaint against Williams Transfer and Storage. For that reason, the Plaintiff is in the process of filing a motion to file an amended complaint that will seek, in the alternative, relief provided by the Carmack Amendment.

Plaintiff does cite *Rehm v. Baltimore Storage Co.*, 300 F. Supp. 2d 408, 416 (W.D. Va. 2004) for the proposition that "[c]laims related to the storage of property are not preempted," but it is apparent that *Rehm* made no such holding. *Rehm* dealt instead with damage to *real property* which was caused incidental to interstate transport, and by relying upon such clearly inapplicable authority, plaintiff only serves to demonstrate that the law is clearly against her on this issue. Indeed, defendant has cited numerous decisions holding that Carmack pre-emption applies to storage damage claims, see *Glass v. Crimmins Transfer Co.,* 299 F.Supp.2d 878 (C.D. Ill. 2004); *Margetson v. United Van Lines, Inc.*, 785 F. Supp. 917 (D.N.M. 1991); *York v. Day Transfer Co.,* 525 F.Supp.2d 289, 301 (D.R.I. 2007), and plaintiff's arguments in this context clearly lack merit.

Plaintiff next seeks discovery to determine whether or not her furnishings were stored in Mississippi prior to reaching their eventual destination in Louisiana. This request is not well

taken since it is apparent that, even if such were proven, Carmack preemption would still apply. As correctly noted by defendant in its brief:

> Placing goods in a warehouse interrupts, but does not necessarily terminate the goods' interstate journey. *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 568 (1943). If the temporary halt in the transportation of the goods is simply a convenient intermediate step in the process of delivering them to their final destination, they remain subject to the Bill of Lading and in interstate commerce. *Id.* There is little question that Plaintiff intended for her goods to be stored with American in Louisiana, making any temporary stop on the way to that ultimate destination inconsequential in the eyes of the law.

It is thus clear that Carmack preemption applies in this case, and plaintiff's state law claims against Williams are therefore due to be dismissed without the need for additional discovery.

The court notes that plaintiff has requested permission to file a second amended complaint so as to assert Carmack claims against Williams and to add United as a defendant. This motion to amend will be granted with regard to any Carmack claims, but, for the reasons stated previously, plaintiff will not be able to assert state law claims against either Williams or United. The court would also note that Williams seeks complete dismissal from this action based upon its alleged status as a disclosed agent for United, *see* 49 U.S.C. § 13907(a); *Marks v. Suddath Relocation Systems, Inc.*, 319 F.Supp.2d 746, 752 (S.D. Tex. 2004), but it is apparent that such a ruling is best made on summary judgment, following the consideration of evidence outside the pleadings.[1]

---

[1]The parties make reference in their briefs to a bill of lading which was supposedly attached as an exhibit to defendant's motion to dismiss, but the court found no such document on the electronic docket. Regardless, while it seems likely that Williams will eventually be dismissed from this case on summary judgment, such a ruling would be premature at this juncture.

In light of the foregoing, it is ordered that defendant Williams' motion [9-1] to dismiss the state law claims against it is granted, plaintiff's motions to amend [15-1, 34-1] are granted in part and denied in part, and defendant's motion for extension of time [14-1] is granted.

SO ORDERED, this the 8th day of October, 2009.

/s/ Michael P. Mills
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI